JUNJI SUZUKI (SBN 184738)
junji@marshallsuzuki.com
MARSHALL SUZUKI LAW GROUP, LLP
230 California Street, Suite 415
San Francisco, CA 94111
Telephone: (415) 618-0090
Facsimile: (415) 618-0190
Attorney for Applicant,
Medical Corporation H&S

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>MEDICAL CORPORATION H&S,<br><br>Applicant. | Case No:<br><br>**EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN FOREIGN PROCEEDING AND SUPPORTING MEMORANDUM** |

Pursuant to 28 U.S.C. § 1782, applicant, Medical Corporation H&S ("**Applicant**"), a medical corporation organized and existing under the law of Japan, hereby applies to this Court ex parte for an order permitting discovery from Google LLC ("**Google**") for use in a court proceeding in Japan.

The proposed subpoena attached to this application seeks from Google documents and information relating to certain Google Accounts through which anonymous statements which, under Japanese law, constitute defamation against Applicant and unlawful interference with Applicant's business, were made.

This application is supported by the accompanying declaration of Mr. Yuichi Nakazawa ("**Nakazawa Decl.**"), an attorney admitted in Japan who represents Applicant in

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

connection with an anticipated lawsuit in Japan against the person who made the unlawful statements, the declaration of Mr. Tatsuhiko Takada ("**Takada Decl.**"), a dentist and a director of Applicant, and the declaration of Ms. Tomomi Arauchi, an attorney admitted in Japan.

I. BACKGROUND

Applicant has been operating a dentistry clinic under the name of "Shonen Dental Clinic" ("松年歯科クリニック" in Japanese) in Nagoya, Japan since March of 2002. Takada Decl. ¶ 1; Nakazawa Decl. ¶ 4. In or about January of 2022, a review described in **Exhibit A** attached hereto ("**Subject Review #1**") was posted on the Google Map review page[1] concerning "Shonen Dental Clinic" through a Google Account with the display name of "KT"[2]. Takada Decl. ¶ 3; Nakazawa Decl. ¶ 5. In or about August of 2022, another review described in **Exhibit B** attached hereto ("**Subject Review #2**"), was posted with a one-star rating on the Google Map review page[3] through a Google Account whose display name with the display name of "sho tak"[4] (Subject Review #1 and Subject Review #2 are hereinafter collectively referred to as "**the Subject Reviews**." The two subject Google accounts are hereinafter collectively referred to as "**the Subject Google Accounts**"). Takada Decl. ¶ 4; Nakazawa Decl. ¶ 5.

Subject Review #1 stated "You will be judged by your profession. This is because your company name is printed on your insurance card. A friend of mine who happens to go to the same dentist told me the receptionist has actually said the name of the company my friend works at. The same happened to me, in a bad way. There is no need to be said your company

---

[1] https://www.google.com/maps/contrib/106132115472134958764/place/ChIJfRo6Lix3A2ARVfhAx2KWQfc/@35.3917811,138.3018596,8z/data=!4m6!1m5!8m4!1e1!2s106132115472134958764!3m1!1e1?hl=ja
[2] https://www.google.com/maps/contrib/106132115472134958764/reviews/@35.3917811,138.3018596,8z/data=!4m3!8m2!3m1!1e1?hl=ja
[3] https://www.google.com/maps/contrib/117847043937617839522/place/ChIJfRo6Lix3A2ARVfhAx2KWQfc/@35.8391046,136.7710551,9z/data=!4m6!1m5!8m4!1e1!2s117847043937617839522!3m1!1e1?hl=ja
[4] https://www.google.com/maps/contrib/117847043937617839522/reviews/@35.8391046,136.7710551,9z?hl=ja

-Page 2 of 9-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

name, and this has never happened to me before." The Subject Review #2 stated "After I had a nightguard made, I developed open bite and now cannot bite through things with my front teeth." Takada Decl. ¶ 3, 4; Nakazawa Decl. ¶ 5.

According to Mr. Takada and Mr. Nakazawa, the Subject Reviews are entirely false, lowered Applicant's social reputation, and damaged Applicant's credit, and constitute defamation and unlawful business interference under Japanese Civil Code Article 709[5]. Takada Decl. ¶ 3, 4; Nakazawa Decl. ¶ 5, 6.

Applicant intends to bring a lawsuit in Japan against the person(s) associated with the Subject Google Accounts as soon as the person(s)' identities have been ascertained through the discovery sought by this application. Nakazawa Decl. at ¶ 7.

In order to identify the person(s) who committed unlawful acts against Applicant through the Subject Google Accounts, it is crucial for Applicant to obtain the information relating to the Subject Google Accounts. *Id*. at ¶¶ 8-10.

## II. ARGUMENT

### A. Legal Standard

An applicant seeking discovery for use in a foreign proceeding must demonstrate that (1) the person from whom the discovery is sought resides or is found in this district, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person. 28 U.S.C. § 1782; *In re The Republic of Ecuador*, Case No. C-10-80225 MISC CRB (EMC), 2010 U.S. Dist. LEXIS 102158 (N.D. Cal. Sept. 15, 2010) at*1.

In exercising its discretion under 28 U.S.C. § 1782, a district court should further consider the following non-exhaustive factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the

---

[5] https://elaws.e-gov.go.jp/document?lawid=129AC0000000089;

http://www.japaneselawtranslation.go.jp/law/detail/?id=2057&vm=&re

-Page 3 of 9-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *In re Apple Inc.*, 2012 U.S. Dist. LEXIS 66669, 3-4 (N.D. Cal. May 2, 2012) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-265 (U.S. 2004)).

**B.  Applicant's Application Meets All Statutory Requirements under 28 U.S.C. § 1782.**

**1.  Google From Whom Discovery Is Sought Is Located in This District.**

Google, from whom the discovery requested in this application is sought, is located at 1600 Amphitheatre Parkway, Mountain View, CA 94043, United States[6].   Therefore, Google is within this Court's district.

**2.  The Requested Discovery Is for Use in a Proceeding in Japan.**

The discovery requested in this application must be used in a proceeding before a foreign tribunal. The foreign proceeding needs not be underway before 28 USC § 1782 may be invoked. It is enough that such proceedings are "likely to occur" or are "within reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc., supra,* at 258-259 (quoting *In re Letter Request From Crown Prosecution Service of United Kingdom*, 870 F.2d 686, 691 (DC Cir. 1989)).

Applicant intends to bring a lawsuit in Japan against the person(s) associated with the Subject Google Account as soon as the person(s)' identities have been ascertained through the discovery sought by this application. Nakazawa Decl. ¶ 7. Thus, the requirement that the discovery be for use in a foreign proceeding is met.

**3.  Applicant is Interested Party under 28 U.S.C. § 1782, Who May Make This Application.**

---

[6] https://www.google.com/about/locations/

-Page 4 of 9-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

The application to seek discovery pursuant to 28 U.S.C. § 1782 may be made by "any interested person." As a plaintiff in the anticipated litigation in Japan, Applicant is clearly an interested person under 28 U.S.C. § 1782.

**C. Applicant's Application Further Meets All of the Discretionary Factors under *Intel*.**

    **1. Google Is Not a Participant in the Foreign Proceeding.**

The first factor under *Intel* case considers whether the "person from whom discovery sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id*. "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id*.

Google is a nonparticipant in the prospective Japanese lawsuit and out of reach of the Japanese court's jurisdiction. Nakazawa Decl. ¶ 11. Additionally, the documents that Applicant seeks are in the United States and not in Japan. Thus, they are unobtainable absent § 1782(a) aid.

    **2. The Requested Information Is Crucial to Applicant's Bringing Lawsuit in Japan and the Japanese Courts Would Be Receptive to this Court's Assistance.**

"A court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.

Japanese law does not allow "John Doe" defendants in civil litigation, and a plaintiff must state the names and physical addresses of all parties in the complaint. Article 2 (1) of

Rules of Civil Procedure (Rules of the Supreme Court of Japan No. 5 of 1996). Nakazawa Decl. ¶ 8. Thus, without first obtaining the information about the Subject Google Accounts, Applicant may not even start litigation in Japan. Here, Applicant does not have any information to identify the person(s) who committed the alleged unlawful acts against Applicant using the Subject Google Accounts. Therefore, it is crucial for Applicant to obtain the information regarding who is operating the Subject Google Accounts. *Id* at ¶ 8.

In addition, the Japanese court will be receptive to the Court's assistance under § 1782. In fact, the Japanese courts have been receptive to discovery assistance from the U.S. courts. *Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. Appx. 95, 97-98, 2009 U.S. App. LEXIS 12953, at *7-8 (2d Cir. N.Y. 2009); *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, at *5, 2012 WL 1836283, at*2 (S.D. Cal. May 21, 2012).

### 3. Applicant's Discovery Request Is Not an Attempt to Circumvent Foreign Proof Restrictions or Policies.

"A district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265.

Applicant is not aware of any restrictions imposed by, or any policies under, Japanese law limiting the proof-gathering proceeding in the manner proposed and for the purposes stated herein. Thus, Applicant is not attempting to circumvent restrictions or policies. Nakazawa Decl. ¶ 12. In the past, courts have granted 28 U.S.C. § 1782 applications for use in Japanese proceedings, both civil and criminal. *Marubeni Am. Corp.*, 335 Fed. Appx. at 98; *LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, at *5, 2012 WL 1836283, at*2; *Okubo v. Reynolds (In re Letters Rogatory from the Tokyo Dist. Prosecutor's Office)*, 16 F.3d 1016, 1018-1019 (9th Cir. Cal. 1994).

### 4. Applicant's Request Is Narrowly Tailored to Highly Relevant Information and Not Unduly Intrusive or Burdensome.

"Unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265.

-Page 6 of 9-
In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

As shown in the proposed subpoena to Google attached to the proposed order submitted with this application, the discovery requested by Applicant is narrowly tailored and limited to discovery materials related to the tSubject Google Accounts through which the identity of defendant(s) to the anticipated Japanese lawsuit could be ascertained and nothing further.

First, the proposed subpoena does not seek disclosure of the content of any communications associated with the Subject Google Accounts. *Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors.*, No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of Stored Communications Act, 18 U.S.C. § 2701 et seq).

Second, the proposed subpoena seeks disclosure of the name and address of the person(s) whose credit card is associated with each of the Subject Google Accounts, not of credit card numbers or any other sensitive information. *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4, 2019 U.S. Dist. LEXIS 42926, at *9 (N.D. Cal. Mar. 15, 2019) (admitted that applicant seeks disclosure of name and address of credit card holder registered on Google Account).

Third, however, it is highly unlikely that the perpetrators have provided their true name and address to Google. Thus, the names and addresses Google may have on file in connection with the Subject Google Accounts have a high probability of being fictitious and would not help Applicant identify the perpetrators. In such case, access logs are the only available information that could identify the perpetrators.; *In re Kiki. Co., Ltd.*, (N.D. Cal. February 25, 2019, No. 19-mc-80048-NC); *In re Med. Corp. H&S*, 2019 WL 1230440, 2019 U.S. Dist. LEXIS 42926; *In re Med. Corp. H&S*, No. 19-MC-80107-SVK, 2019 WL 2299953, 2019 U.S. Dist. LEXIS 90977 (N.D. Cal. May 30, 2019); *M&S LLC v. M&S LLC*, No. 19-MC-80168-DMR, 2019 WL 3891497, 2019 U.S. Dist. LEXIS 140311 (N.D. Cal. Aug. 19, 2019); *In re Med. Corp. H&S*, No. 19-MC-80186-VKD, 2019 WL 3945003, 2019 U.S. Dist. LEXIS 142289 (N.D. Cal. Aug. 21, 2019); *In re Med. Inc. Ass'n Smile Create*, No. 19-MC-80230-VKD, 2019 WL 4933582, 2019 U.S. Dist. LEXIS 173999 (N.D. Cal. Oct. 7, 2019) (all orders above admitted that applicant seeks disclosure of access logs.).

-Page 7 of 9-
In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

Discovery of access logs at posting and access logs for login just before posting should be allowed because there is a possibility that such access logs remain available and have not yet been deleted. However, these access logs alone might be incomplete or insufficient to identify the perpetrator(s) because Google often records only timestamps (not IP addresses) at the time of each posting. In addition, in the event that the perpetrator(s) used special tools for anonymization such as Tor (The Onion Router), the access log at the time of posting would not be sufficient information to identify the perpetrator(s). Nakazawa Decl. ¶¶ 9-10; Declaration of Tomomi Arauchi.

From Google's perspective, it is neither unduly intrusive nor burdensome to disclose *all* access logs, in lieu of the log at the time of posting. Providers such as Google routinely delete old access logs and keep only fresh access logs for the most recent several months. In fact, it is more burdensome for Google to search for and pick up a particular and specific access log containing all the information necessary to identify the perpetrator(s).

Furthermore, access logs themselves contain no substantial private information regarding the Subject Google Accounts. Access logs only disclose timestamps (showing when the Subject Google Accounts accessed) and IP addresses. Any other substantial private information (e.g. information about what websites the holders may have accessed, what action they took on the website, etc.) is not disclosed. *Id* at ¶ 9

Moreover, Google Account holders' privacy is protected by Google's policy set forth in its Privacy & Terms which provides in relevant part that[7], :

> "Government agencies from around the world ask Google to disclose user information. We carefully review each request to make sure it satisfies applicable laws. **If a request asks for too much information, we try to narrow it, and in some cases we object to producing any information at all.** We share the number and types of requests we receive in our Transparency Report" (emphasis added)

Therefore, Applicant's request is narrowly tailored to highly relevant information and not unduly intrusive or burdensome.

---

[7] https://policies.google.com/terms/information-requests (last visited October 24, 2022)

-Page 8 of 9-

In re Ex Parte Application of Medical Corporation H&S
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum

### III. CONCLUSION

For the reasons stated above, Applicant respectfully requests that this Court grants the application and that the subpoena to Google attached to the proposed order submitted with this application be issued.

Dated:   November___, 2022

Respectfully submitted,
MARSHALL SUZUKI LAW GROUP, LLP

By:_____
Junji Suzuki
Attorney for Applicant,
Medical Corporation H&S

-Page 9 of 9-

**In re Ex Parte Application of Medical Corporation H&S**
Ex Parte Application for Order pursuant to 28 U.S.C. § 1782 Permitting Discovery for Use in Foreign Proceeding and Supporting Memorandum